Lee A. Cirsch (SBN 227668)
Lee.Cirsch@capstonelawyers.com
Robert K. Friedl (SBN 134947)
Robert.Friedl@capstonelawyers.com
Trisha K. Monesi (SBN 303512)
Trisha.Monesi@capstonelawyers.com
Capstone Law APC
1875 Century Park East, Suite 1000
Los Angeles, California 90067
Telephone:     (310) 556-4811
Facsimile:     (310) 943-0396

Attorneys for Plaintiff
Garret Shank

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARRET SHANK, individually, and on behalf of other members of the general public similarly situated, | Case No.: |
| Plaintiffs, | **CLASS ACTION COMPLAINT FOR:** |
| v. | (1)  Violations of California's Consumers Legal Remedies Act |
| PRESIDIO BRANDS, INC., a Delaware corporation, | (2)  Violation of Unfair Competition Law, California Business & Professions Code § 17200 *et seq*. |
| Defendant. | (3)  Violation of False Advertising Law, California Business & Professions Code § 17500 |
| | (4)  Negligent Misrepresentation |
| | **DEMAND FOR JURY TRIAL** |

**INTRODUCTION**

1.      Plaintiff Garret Shank ("Plaintiff") brings this action for himself and on behalf of all persons in the United States who, at any time since four years prior to the filing of this complaint, purchased any Every Man Jack brand product containing artificially-processed and synthetic ingredients and labeled or marketed as "naturally derived" ("EMJ Products")[1] designed, manufactured, marketed, distributed, and sold by Presidio Brands, Inc. ("Presidio" or "Defendant"). .

2.      This case arises out of the false, misleading, and deceptive marketing practices of Defendant's Every Man Jack products.  Defendant's advertising and labeling strategy focuses on claims that its Every Man Jack products are all-natural, naturally-derived, non-toxic, and exceptionally safe for consumers.  However, EMJ Products, in fact, contain several synthetic ingredients that are not natural or naturally derived, as portrayed by Defendant.  Further, as described in detail below, many of the synthetic[2] ingredients used in EMJ Products are hazardous or toxic and can cause adverse reactions.

3.      Presidio has so labeled its products in order to capture the growing market of health conscious consumers, including Plaintiff and other Class Members.  By deceiving consumers about the nature, quality, and/or ingredients of its products, Presidio is able to command a premium price, increasing consumers' willingness to pay and reduce the market share of competing products, thereby increasing its own sales and profits.

4.      Reasonable consumers must, and do, rely on Presidio's overall marketing, including, without limitation, product advertisements, labels, displays, and packaging, in

---

[1] On information and belief, the following EMJ products contain synthetic ingredients: 2-in-1 body + face wash; 2-in-1 body wash; 2-in-1 shampoo + conditioner; 2-in-1 thickening shampoo; body bar; body wash; daily conditioner; deodorant; eye cream; face lotion with faily sun protection; face lotion; face moisturizer; face shield; fiber cream; pomade; shave cream premium; shave cream; shave gel; styling gel; and thickening grooming cream.

[2] "The term 'synthetic' means a substance that is formulated or manufactured by a chemical process or by a process that chemically changes a substance extracted from naturally occurring plant, animal, or mineral sources, except that such term shall not apply to substances created by naturally occurring biological processes. 7 U.S.C. § 6502(21).

1   determining whether to purchase EMJ Products.  For example, as shown below, the Every

2   Man Jack website features a wood-grain background and wholly focuses on a large image of a

3   forest and the word "naturally":



17   The Every Man Jack products themselves further portray the same earthy, non-toxic,

18   and natural marketing claims and implications as its website.  Below are examples of the front

19   packaging and labeling of the Every Man Jack 2-in-1 Sandalwood Body Wash:



CLASS ACTION COMPLAINT

5.     On information and belief, every EMJ Product at issue in this complaint have the same or substantially similar product packaging that contain the same or substantially similar deceptive claims employed by Presidio.

6.     If Plaintiff and Class Members knew that the EMJ Products were not natural or contained synthetic, artificially-processed ingredients, Plaintiff and Class Members would not have purchased the EMJ Products or would have paid less for them.

7.     By employing the labeling and marketing tactics illustrated above, Presidio intends for consumers to rely on its visual and actual representations, and hundreds of thousands of reasonable consumers did in fact so rely.  Because Presidio will not notify Class Members that the EMJ Products in fact contain synthetic, artificial ingredients, Plaintiff and Class Members (as well as members of the general public) remain subject to Presidio's deceptive advertising.

8.     As a result of their reliance on Defendant's representations, consumers have suffered an ascertainable loss of money, including, but not limited to, out of pocket costs incurred in purchasing over-valued EMJ Products.  Further, as a result of its deceptive marketing and unfair competition with other similar manufacturers and brands, Presidio realized sizable profits.

## **PARTIES**

### **PLAINTIFF GARRET SHANK**

9.     Plaintiff Garret Shank is a California citizen who resides in Los Angeles, California.  During the class period alleged herein, Plaintiff purchased several EMJ Products on numerous occasions from various Target stores in Los Angeles County.  Plaintiff's purchases include, without limitation, Every Man Jack Face Lotion, Every Man Jack Face Lotion with SPF, Every Man Jack Face Scrub, and Every Man Jack Face Wash.

10.    Plaintiff purchased EMJ products in reliance on Presidio's marketing of the products including the claims and product information on the Every Man Jack website, in Men's Health magazine, and on the products' packaging and labeling.  In deciding to purchase EMJ Products, Plaintiff saw, relied upon, and reasonably believed that the EMJ Products only

contained ingredients that are natural because of Presidio's representations including, without limitation, the repeated and highlighted use of the phrase "naturally derived", depictions of plants and trees, listing of other earth-friendly and health-conscious features of the product (*e.g.* product bottles made with at least 50% post-consumer recycled plastic and certain products being gluten free), and the wood-grain packaging.  Purchasing natural, non-toxic, non-synthetic and environmentally-friendly products is important to Plaintiff and Defendant's representations were material to Plaintiff in his decision to purchase EMJ Products.

11.    If Plaintiff had known at the time of purchase that these products contained synthetic and hazardous ingredients, he would not have purchased the EMJ Products or would have paid less for them.

**DEFENDANT**

12.    Defendant Presidio Brands, Inc. is a corporation organized and in existence under the laws of the State of Delaware and is registered to do business in the State of California.  Presidio Brands, Inc.'s corporate headquarters and principal place of business are located at 500 Tamal Plaza, Suite 505, Corte Madera, California 94925. Presidio Brands, Inc. designs, tests, manufactures, markets, distributes, and sells Every Man Jack products nationwide and in California. Every Man Jack is Presidio Brands, Inc.'s men's personal care/hygiene brand.

13.    At all relevant times, Defendant was and is engaged in the business of designing, testing, manufacturing, marketing, distributing, and selling personal care/hygiene products in Los Angeles County and throughout the United States of America.

**JURISDICTION**

14.    This is a class action.

15.    This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because this action arises under the Constitution or laws of the United States and the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2) and (6), in that, as to each Class defined herein:

a.    the matter in controversy exceeds $5,000,000.00, exclusive of interest

and costs;

  b. this is a class action involving 100 or more class members; and

  c. this is a class action in which at least one member of the Plaintiff class is a citizen of a State different from at least one Defendant.

16. The Court has personal jurisdiction over Defendant, which have at least minimum contacts with the State of California because they have conducted business there and have availed themselves of California's markets through the advertising, manufacturing, distribution, and sales of its EMJ Products.

## VENUE

17. Presidio Brands, Inc. Uber, through its advertising, manufacturing, distribution, and sales of their EMJ Products has established sufficient contacts in this district such that personal jurisdiction is appropriate.  Defendant is deemed to reside in this district pursuant to 28 U.S.C. § 1391(a).

18. Further, Defendant is headquartered here and/or has conducted business here and has availed itself of California's markets through its advertising, manufacturing, distribution, and sales of its EMJ Products. marketing, sale, and administration of ride-sharing services. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a).

19. Additionally, Plaintiff Garret Shank's Declaration, as required under California Civil Code section 1780(d), but not pursuant to *Erie* and federal procedural rules, reflects that a substantial part of the events or omissions giving rise to the claims alleged herein occurred, or a substantial part of property that is the subject of this action, is situated in Marin County, California.  It is attached as **Exhibit 1.**

## FACTUAL ALLEGATIONS

20. A rapidly-growing segment of consumers value natural and plant-based products for many reasons, including to address health concerns (*e.g.*, avoiding skin irritation and diseases such as cancer) and to help the environment.  To capture this growing market, and to gain an advantage over competitors, Presidio designs, markets, distributes, and sells its Every Man Jack brand products claiming that the products contain only "naturally derived"

ingredients.  These claims are coupled with images of plants and forests intended to give the impression that its products' ingredients are all-natural and plant-based, and do not contain synthetic, artificial, or toxic ingredients.

21.     Presidio further cultivates the Every Man Jack image as a natural, plant-based, non-synthetic, healthy and eco-friendly brand through its wood-grain packaging, plant imagery, and simplistic labeling as well as Presidio's "naturally", "natural", and "naturally-derived" statements regarding its ingredients that are found repeatedly throughout the Every Man Jack website, in magazine advertisements and articles, and on the EMJ Product labels.

22.     Defendant's representations that its EMJ Products contain only natural and naturally derived ingredients are false, misleading, and deceptive because the EMJ Products contain multiple ingredients that are synthetic and artificial.  Specifically, EMJ Products contain the following, non-exhaustive, list of synthetic and artificial ingredients:

| **Synthetic and Artificial Ingredient(s)** | **EMJ Product(s)** |
| --- | --- |
| ALUMINUM HYDROXIDE (synthetic polymer) | Face Shield |
| AMODIMETHICONE (synthetic polymer) | 2-in-1 Body Wash; Daily Conditioner; 2-in-1 Thickening Shampoo; 2-in-1 Daily Shampoo + Conditioner; Daily Shampoo |
| CETYL DIMETHICONE (synthetic polymer) | Face Lotion SPF 15 |
| COCAMIDOPROPYL BETAINE (synthetic surfactant) | 2-in-1 Body Wash; 2-in-1 Shampoo + Conditioner; 2-in-1 Body + Face Wash; Daily Shampoo; Face Scrub Signature Mint; Face Wash Signature Mint; Daily Shampoo Sandalwood; Face Wash Skin Clearing |
| COCAMIDOPROPYLAMINE OXIDE (synthetic surfactant) | Body Wash Eucalyptus Mint; Body Wash Cedarwood; Body Wash Sandalwood; Body Wash Signature Mint; Body Wash Citrus Scrub |
| DIMETHICONE (synthetic polymer) | Face Lotion; Face Moisturizer Age Defying; |

| | |
|---|---|
| | Eye Cream Age Defying; Daily Conditioner |
| DIMETHICONE PEG/PPG-20/23 BENZOATE (synthetic polymer) | Shave Gel Signature Mint; Shave Gel Fragrance Free |
| DIMETHICONE PEG-8 BENZOATE (synthetic polymer) | Shave Gel Signature Mint; Shave Gel Fragrance Free; Face Scrub Signature Mint |
| ETHYLHEXYLGLYCERIN (synthetic glyceryl) | Face Lotion SPF 15; Body Wash Eucalyptus Mint; 2-in-1 Body Wash; Body Wash Cedarwood; Shave Gel Sandalwood; Shave Cream Fragrance Free; Face Lotion Sandalwood; Face Lotion Signature Mint; Face Shield; Body Defense Spray; Body Wash Sandalwood; Body Wash Signature Mint; Face Moisturizer Age Defying; Face Lotion; Daily Shampoo Sandalwood; Shave Cream Signature Mint; Body Wash Citrus Scrub |
| FRAGRANCE/PARFUM (synthetic compound) | Deodorant Fresh Scent; Body Wash Eucalyptus Mint; Shave Gel Signature Mint; 2-in-1 Body Wash; Body Wash Cedarwood; Shave Gel Sandalwood; Face Lotion Sandalwood; Face Lotion Signature Mint; Deodorant Eucalyptus Mint; 2-in-1 Shampoo + Conditioner; 2-in-1 Body + Face Wash; Body Wash Sandalwood; Body Wash Signature Mint; Deodorant Cedarwood; Daily Shampoo; Daily Conditioner; 2-in-1 Thickening Shampoo; 2-in-1 Daily Shampoo + Conditioner; Face Scrub Signature Mint; Face Wash Signature Mint; Deodorant Sandalwood; Deodorant Citrus; Deodorant Signature Mint; Daily Shampoo Sandalwood; Thickening Grooming Cream; Shave Cream Premium Shave; Pomade; Shave Cream Signature Mint; Body Wash Citrus Scrub |
| GLYCERYL ESTERS (synthetic surfactant) | Face Lotion SPF 15; Shave Cream Fragrance Free; |

| | |
|---|---|
| | Face Lotion Sandalwood;<br>Face Moisturizer Age Defying;<br>Eye Cream Age Defying;<br>Face Scrub Signature Mint;<br>Face Scrub Skin Clearing |
| HYDROGEN DIMETHICONE (synthetic polymer) | Face Shield |
| HYDROGENATED POLYDECENE (synthetic polymer) | Shave Cream Fragrance Free;<br>Shave Cream Signature Mint |
| HYDROXYETHYLCELLULOSE (synthetic polymer) | Shave Gel Signature Mint;<br>Shave Gel Fragrance Free;<br>Daily Conditioner |
| AMIDOPROPYL BETAINES (synthetic surfactant) | Body Wash Eucalyptus Mint;<br>Body Wash Cedarwood |
| PEG/PPG-4/12 DIMETHICONE (synthetic polymer) | 2-in-1 Body + Face Wash;<br>2-in-1 Thickening Shampoo;<br>2-in-1 Daily Shampoo + Conditioner |
| PEG-12 DIMETHICONE (synthetic polymer) | Daily Shampoo |
| PEG-100 STEARATE (synthetic polymer) | Shave Cream Fragrance Free;<br>Shave Cream Signature Mint |
| PEG-150 DISTEARATE (synthetic polymer) | 2-in-1 Shampoo + Conditioner;<br>2-in-1 Body + Face Wash;<br>2-in-1 Thickening Shampoo;<br>2-in-1 Daily Shampoo + Conditioner |
| PHENOXYETHANOL (synthetic preservative) | Face Lotion SPF 15;<br>Body Wash Eucalyptus Mint;<br>Shave Gel Signature Mint;<br>Body Wash Cedarwood;<br>Shave Gel Sandalwood;<br>Shave Gel Fragrance Free;<br>Shave Cream Fragrance Free;<br>Face Lotion Sandalwood;<br>Face Lotion Signature Mint;<br>Face Shield;<br>2-in-1 Shampoo + Conditioner;<br>2-in-1 Body + Face Wash;<br>Body Wash Sandalwood;<br>Body Wash Signature Mint;<br>Face Moisturizer Age Defying;<br>Face Lotion; Daily Shampoo;<br>Daily Conditioner;<br>2-in-1 Thickening Shampoo;<br>2-in-1 Daily Shampoo + Conditioner;<br>Face Scrub Signature Mint;<br>Face Scrub Skin Clearing;<br>Shave Cream Premium Shave;<br>Shave Cream Signature Mint; |

| | |
|---|---|
| | Body Wash Citrus Scrub |
| POLYBUTENE (synthetic polymer) | Shave Cream Fragrance Free; Shave Cream Signature Mint |
| POLYCATIONIC POLYMERS (synthetic polymers) | Body Wash Eucalyptus Mint; Body Wash Cedarwood; 2-in-1 Shampoo + Conditioner; 2-in-1 Body + Face Wash; Body Wash Sandalwood; Body Wash Signature Mint; Daily Shampoo; 2-in-1 Thickening Shampoo; 2-in-1 Daily Shampoo; Daily Shampoo Sandalwood; Thickening Grooming Cream; Body Wash Citrus Scrub |
| POLYSORBATES (synthetic surfactant) | Shave Cream Fragrance Free; Face Lotion Signature Mint; Face Lotion; Face Scrub Signature Mint; Shave Cream Signature Mint |
| POTASSIUM SORBATE (synthetic preservative) | Body Wash Eucalyptus Mint; 2-in-1 Body Wash; Body Wash Cedarwood; Face Lotion Signature Mint; Body Wash Sandalwood; Body Wash Signature Mint; Face Lotion; Face Wash Signature Mint; Face Wash Skin Clearing; Body Wash Citrus Scrub |
| SODIUM BENZOATE (synthetic preservative) | Body Wash Eucalyptus Mint; 2-in-1 Body Wash; Body Wash Cedarwood; Face Lotion Signature Mint; Body Wash Sandalwood; Body Wash Signature Mint; Face Lotion; Face Wash Signature Mint; Face Wash Skin Clearing; Body Wash Citrus Scrub |
| SODIUM LAURYLGLUCOSIDES HYDROXYPROPYLSULFONATE (synthetic surfactant) | 2-in1 Body Wash; Daily Shampoo Sandalwood |
| SORBITAN ESTERS (synthetic surfactant) | Face Lotion SPF 15; Shave Gel Signature Mint; Shave Gel Fragrance Free; Face Lotion Signature Mint; Face Lotion |

| TOCOPHERYL ACETATE (synthetic Vitamin E) | Shave Gel Signature Mint; Shave Gel Fragrance Free; Face Lotion Signature Mint; 2-in-1 Shampoo + Conditioner; 2-in-1 Body + Face Wash; Face Lotion; Eye Cream Age Defying; 2-in-1 Thickening Shampoo; 2-in-1 Daily Shampoo + Conditioner; Face Scrub Signature Mint; |
|---|---|
| TRIETHANOLAMINE | Shave Gel Signature Mint; Shave Gel Fragrance Free; Shave Cream Fragrance Free; Fiber Cream; Shave Cream Signature Mint |
| ZINC OXIDE | Body Defense Lotion; Face Lotion SPF 15; Face Shield |

23.     Presidio knows, or should know, that consumers, like Plaintiff and other Class Members, reasonably rely on such representations in forming the belief that the EMJ Products do not contain synthetic, artificial or toxic ingredients.  However, these representations are false, misleading and deceptive because the EMJ Products do contain synthetic, artificial, and toxic ingredients, as identified above. Consumers lack the meaningful ability to test or independently ascertain or verify whether a product is natural or naturally derived, especially at the point of sale.  Consumer would not, and could not, know the true nature of products' ingredients merely by reading the ingredients label.

24.     The EMJ Products are thus not natural, naturally derived, or plant-based, and labeling them as such is misleading and deceptive.  Defendants did not disclose that any of the ingredients listed above are synthetic ingredients.

25.     Presidio has concealed the nature, identity, source, and/or method of preparation of additional ingredients, which may also be synthetic ingredients. Thus, discovery is necessary to uncover the true nature of other ingredients in the EMJ Products.

26.     Presidio deceptively and misleadingly concealed, and continues to conceal, other material facts about the EMJ Products, including:

a.      The true nature of the EMJ Products' ingredients;

b.      The artificial and synthetic substances and ingredients contained in the EMJ products; and

c.      The artificial and synthetic processes used to create the ingredients in the EMJ Products.

27.      The production process Presidio uses for many of its ingredients is known only to Defendant and Defendant has not disclosed such information to Plaintiff and the Class Members.  Further, these facts are not ascertainable and are still not known to Plaintiff, the Class members, and reasonable consumers.  Presidio's concealment tolls any applicable statute of limitations.

28.      To this day, Presidio continues to conceal and suppress the true nature, identity, source, and method of production of the ingredients in the EMJ Products.

29.      If Plaintiff and Class Members knew that the EMJ Products were not natural or contained synthetic, artificially-processed ingredients, Plaintiff and Class Members would not have purchased the EMJ Products or would have paid less for them.

30.      By employing the labeling and marketing tactics illustrated above, Presidio intends for consumers to rely on its visual and actual representations, and hundreds of thousands of reasonable consumers did in fact so rely.  Because Presidio will not notify Class Members that the EMJ Products in fact contain synthetic, artificial ingredients, Plaintiff and Class Members (as well as members of the general public) remain subject to Presidio's deceptive advertising.

31.      Presidio knows, or should reasonably know, that consumers prefer natural, "naturally derived", and plant-based products.  Presidio knows that consumers will pay a premium for these products or would not purchase these products at all unless they were natural, "naturally derived", and/or plant-based, as advertised.  Similarly, independent surveys confirm that consumers will purchase more natural products than conventional products, and will pay a premium for natural products.

32.      As a result of their reliance on Defendant's representations, consumers have

1   suffered an ascertainable loss of money, including, but not limited to, out of pocket costs

2   incurred in purchasing over-valued EMJ Products.  Further, as a result of its deceptive

3   marketing and unfair competition with other similar manufacturers and brands, Presidio

4   realized sizable profits.

5        33.     As the intended, direct, and proximate result of Presidio's false, misleading,

6   and deceptive representations and omissions, Presidio has been unjustly enriched through

7   more sales of Falsely Labeled Products and higher profits at the expense of Plaintiff and the

8   Class members.

9   **CLASS ALLEGATIONS**

10        34.     Plaintiff brings this lawsuit as a class action on behalf of himself and all others

11   similarly situated as members of the proposed Class pursuant to pursuant to Federal Rules of

12   Civil Procedure 23(a), 23(b)(2), 23(b)(3), and 23(c)(4). This action satisfies the numerosity,

13   commonality, typicality, adequacy, predominance, and superiority requirements of those

14   provisions.

15        35.     The Class and Sub Class(es) are defined as:

16        **Nationwide Class**:  All individuals in the United States who purchased any

17   Every Man Jack brand product containing artificially-processed and synthetic
ingredients and labeled or marketed as "naturally derived"

18        **California Sub-Class**: All members of the Nationwide Class who reside in the
State of California.

19

20        **CLRA Sub-Class**: All members of the California Sub-Class who are
"consumers" within the meaning of California Civil Code § 1761(d).

21        36.     Excluded from the Class and Sub-Classes are: (1) Defendant, any entity or

22   division in which Defendant has a controlling interest, and their legal representatives, officers,

23   directors, assigns, and successors; (2) the Judge to whom this case is assigned and the Judge's

24   staff; (3) any Judge sitting in the presiding state and/or federal court system who may hear an

25   appeal of any judgment entered; and (4) those persons who have suffered personal injuries as

26   a result of the facts alleged herein.  Plaintiff reserves the right to amend the Class and Sub-

27   Class definitions if discovery and further investigation reveal that the Class and Sub-Class

28

should be expanded or otherwise modified.

37.   <u>Numerosity</u>:  Although the exact number of Class Members is uncertain and can only be ascertained through appropriate discovery, the number is great enough such that joinder is impracticable.  The disposition of the claims of these Class Members in a single action will provide substantial benefits to all parties and to the Court.  The Class Members are readily identifiable from information and records in Defendant's possession, custody, or control.

38.   <u>Typicality</u>:  Plaintiff's claims are typical of the claims of the Class in that Plaintiffs, like all Class Members, purchased an EMJ Product containing artificially-processed and synthetic ingredients and labeled or marketed as "naturally derived".  The representative Plaintiff, like all Class Members, has been damaged by Defendant's misconduct in that they incurred expenses due to their reliance on Defendant's deceptive representations and omissions regarding its EMJ Products, as described throughout this complaint.  Furthermore, the factual bases of Defendant's misconduct are common to all Class Members and represent a common thread resulting in injury to all Class Members.

39.   <u>Commonality</u>:  There are numerous questions of law and fact common to Plaintiff and the Class that predominate over any question affecting only individual Class Members.  These common legal and factual issues include the following:

    a.   Whether Presidio misrepresented and/or failed to disclose material facts concerning the EMJ Products;

    b.   Whether Presidio's conduct was unfair and/or deceptive;

    c.   Whether Presidio has a duty to disclose the true nature of its EMJ Products' ingredients;

    d.   Whether Plaintiff and other Class Members are entitled to equitable relief, including but not limited to a preliminary and/or permanent injunction;

    e.   Whether Defendant knew or reasonably should have known of its deceptive representations and omissions relating to its EMJ Products'

1    ingredients; and

2    f.    Whether Defendant is obligated to inform Class Members of their right

3          to seek reimbursement for having paid for EMJ Products in reliance on

4          Defendant's misrepresentations.

5    40.    Adequate Representation:  Plaintiff will fairly and adequately protect the

6    interests of the Class Members.  Plaintiff has retained attorneys experienced in the prosecution

7    of class actions, including consumer and product defect class actions, and Plaintiff intends to

8    prosecute this action vigorously.

9    41.    Predominance and Superiority:  Plaintiff and Class Members have all suffered

10   and will continue to suffer harm and damages as a result of Defendant's unlawful and

11   wrongful conduct.  A class action is superior to other available methods for the fair and

12   efficient adjudication of the controversy.  Absent a class action, most Class Members would

13   likely find the cost of litigating their claims prohibitively high and would therefore have no

14   effective remedy at law.  Because of the relatively small size of the individual Class

15   Members' claims, it is likely that only a few Class Members could afford to seek legal redress

16   for Defendant's misconduct.  Absent a class action, Class Members will continue to incur

17   damages, and Defendant's misconduct will continue without remedy.  Class treatment of

18   common questions of law and fact would also be a superior method to multiple individual

19   actions or piecemeal litigation in that class treatment will conserve the resources of the courts

20   and the litigants, and will promote consistency and efficiency of adjudication.

## FIRST CAUSE OF ACTION

**(Violation of California's Consumers Legal Remedies Act, California Civil Code §**
**1750, *et seq*.,)**

24   42.    Plaintiff re-alleges and incorporates by reference each and every allegation

25   contained in the preceding paragraphs of this Complaint as though fully set forth herein.

26   43.    Plaintiff brings this cause of action on behalf of himself and on behalf of the

27   members of the CLRA Sub-Class.

28   44.    Defendant is a "person" as defined by California Civil Code § 1761(c).

45.     Plaintiff and CLRA Sub-Class Members are "consumers" within the meaning of California Civil Code § 1761(d) because they bought the EMJ Products for personal, family, or household purposes.

46.     By failing to disclose and concealing the true and actual nature of the EMJ Products from Plaintiff and prospective Class Members, Defendant violated California Civil Code § 1770(a), as it represented that the EMJ Products had characteristics and benefits that they do not have, represented that the EMJ Products were of a particular standard, quality, or grade when they were of another, and advertised the EMJ Products with the intent not to sell them as advertised. *See* Cal. Civ. Code §§ 1770(a)(5)(7) & (9).

47.     Defendant's unfair and deceptive acts or practices occurred repeatedly in Defendant's trade or business and were capable of deceiving a substantial portion of the purchasing public.

48.     Defendant knew the EMJ Products did not possess the characteristics and benefits as represented and were not of the particular standard, quality or grade as represented.

49.     As a result of their reliance on Defendant's representations and omissions, Class Members suffered an ascertainable loss of money, property, and/or value of their EMJ Products.

50.     Defendant was under a duty to Plaintiff and Class Members to disclose the true and actual nature of the EMJ Products' ingredients because:

      a.    Defendant was in a superior position to know the true state of facts about the ingredients in the EMJ Products;

      b.    Plaintiff and Class Members could not reasonably have been expected to learn or discover the true nature of the ingredients in the EMJ Products at the time of purchase and thereafter; and

      c.    Defendant knew that Plaintiff and Class Members could not reasonably have been expected to learn of or discover the true nature of the EMJ Products' ingredients.

51.     In failing to disclose and misrepresenting the true nature and source of the EMJ

Products' ingredients, Defendant knowingly and intentionally concealed material facts and breached its duty not to do so.

52.     The facts Defendant concealed from or misrepresented to Plaintiff and Class Members are material in that a reasonable consumer would have considered them to be important in deciding whether to purchase the EMJ Products or pay less.  If Plaintiff and Class Members had known that the EMJ Products' ingredients were synthetic, artificial, and toxic, they would not have purchased the EMJ Products or would have paid less for them.

53.     Plaintiff and Class Members are reasonable consumers who expect manufacturers, like Presidio, to provide accurate and truthful representations regarding the synthetic and artificial ingredients used in their products.  Further, reasonable consumers, like Plaintiff, rely on the representations made by manufacturers regarding products' ingredients in determining whether to purchase the particular products and consider that information important to their purchase decision.

54.     As a direct and proximate result of Defendant's unfair methods of competition and/or unfair and deceptive practices, Plaintiff and the Class have suffered and will continue to suffer actual damages.

55.     Plaintiff and the Class are entitled to equitable relief.

56.     Plaintiff provided Defendant with notice of its violations of the CLRA pursuant to California Civil Code § 1782(a).  Defendant failed to provide appropriate relief for its violations of the CLRA within 30 days.  Therefore, Plaintiff seeks monetary, compensatory, and punitive damages, in addition to injunctive and equitable relief.

## SECOND CAUSE OF ACTION

### (Violation of California Business & Professions Code § 17500 *et seq.*)

57.     Plaintiff incorporates by reference the allegations contained in each and every paragraph of this Complaint.

58.     Plaintiff brings this cause of action on behalf of himself and on behalf of the Nationwide Class, or in the alternative, on behalf of the California Sub-Class.

59.     California Business & Professions Code § 17500 prohibits unfair, deceptive,

untrue, and misleading advertising in connection with the disposal of personal property (among other things), including, without limitation, false statements as to the use, worth, benefits, or characteristics of the property.

60.     Defendant has committed acts of untrue and misleading advertising by engaging in false representations as to the synthetic and artificial ingredients used in its EMJ Products.  In addition, Defendant made such untrue or misleading advertisements with the intent to dispose of said merchandise.

61.     Presidio knew, or in the exercise of reasonable care should have known, that these representations were misleading and deceptive.

62.     The falsely advertised synthetic and artificial ingredients of the EMJ Products Seats was, and continues to be, likely to deceive members of the public.

63.     As a result of their reliance on Defendant's misrepresentations and omissions, Class Members suffered an ascertainable loss of money, property, and/or value of their EMJ Products.

64.     As a direct and proximate result of Defendant's unfair and deceptive practices, Plaintiff and the Class have suffered and will continue to suffer actual damages.

65.     Presidio has been unjustly enriched and should be required to make restitution to Plaintiff and the Class.  Pursuant to § 17535 of the Business & Professions Code, Plaintiff and Class Members are entitled to an order of this Court enjoining such future conduct on the part of Presidio, and such other orders and judgments which may be necessary to disgorge Presidio's ill-gotten gains and restore to any person in interest any money paid for its EMJ Products as a result of the wrongful conduct of Presidio.

### THIRD CAUSE OF ACTION

#### (Violation of California Business & Professions Code § 17200 *et seq.*)

66.     Plaintiff incorporates by reference the allegations contained in each and every paragraph of this Complaint.

67.     Plaintiff brings this cause of action on behalf of himself and on behalf of the Nationwide Class, or in the alternative, on behalf of himself and on behalf of the California

1   Sub-Class.

2      68.    As a result of their reliance on Defendant's misrepresentations and omissions,

3   Class Members suffered an ascertainable loss of money, property, and/or value of their EMJ

4   Products.

5      69.    California Business & Professions Code § 17200 prohibits acts of "unfair

6   competition," including any "unlawful, unfair or fraudulent business act or practice" and

7   "unfair, deceptive, untrue or misleading advertising."

8      70.    Plaintiff and Class Members are reasonable consumers who expect

9   manufacturers, like Presidio, to provide accurate and truthful representations regarding the

10  synthetic and artificial ingredients used in their products.  Further, reasonable consumers, like

11  Plaintiff, rely on the representations made by manufacturers regarding products' ingredients in

12  determining whether to purchase the particular products and consider that information

13  important to their purchase decision.

14     71.    In failing to disclose and actively misrepresenting the actual nature and source

15  of the ingredients used in the EMJ Products, Defendant has knowingly and intentionally

16  concealed material facts and breached its duty not to do so.

17     72.    Defendant was under a duty to Plaintiff and Class Members to disclose the

18  actual nature and source of the ingredients used in the EMJ Products, and other omitted or

19  misrepresented facts alleged herein, because:

20            a.    Defendant was in a superior position to know the true nature and

21                  sources of the EMJ Products' ingredients;

22            b.    Defendant made partial representations about the nature and sources of

23                  the EMJ Products' ingredients without revealing the material

24                  information needed to determine whether to purchase; and

25            c.    Defendant actively concealed the actual nature and sources of the EMJ

26                  Products' ingredients from Plaintiff and the Class.

27     73.    The facts Defendant concealed from or misrepresented to Plaintiff and Class

28  Members are material in that a reasonable consumer would have considered them to be

1    important in deciding whether to purchase the EMJ Products or pay less.  If Plaintiff and Class

2    Members had known that the EMJ Products' ingredients were synthetic, artificial, and toxic,

3    they would not have purchased the EMJ Products or would have paid less for them.

4          74.    Defendant's conduct was and is likely to deceive consumers.

5          75.    Defendant's acts, conduct and practices were unlawful, in that they constituted:

6              a.    Violations of California's Consumers Legal Remedies Act; and

7              b.    Violations of California's False Advertising Law.

8          76.    By its conduct, Defendant has engaged in unfair competition and unlawful,

9    unfair, and fraudulent business practices.

10         77.    Defendant's unfair or deceptive acts or practices occurred repeatedly in

11    Defendant's trade or business, and were capable of deceiving a substantial portion of the

12    purchasing public.

13         78.    As a direct and proximate result of Defendant's unfair and deceptive practices,

14    Plaintiff and the Class have suffered and will continue to suffer actual damages.

15         79.    Defendant has been unjustly enriched and should be required to make

16    restitution to Plaintiff and the Class pursuant to §§ 17203 and 17204 of the Business &

17    Professions Code.

18                      **FOURTH CAUSE OF ACTION**

19                     **(Negligent Misrepresentation)**

20         80.    Plaintiff re-alleges and incorporates by reference each and every allegation

21    contained in the preceding paragraphs of this Complaint as though fully set forth herein.

22         81.    Presidio represented to Plaintiff and members of the Class that those important

23    facts set above were true.

24         82.    These representations were not true.

25         83.    Presidio had no reasonable grounds for believing the representations were true

26    when it made them.

27         84.    Presidio intended that Plaintiff and members of the Class rely on these

28    representations.

85.     Plaintiff and members of the Class reasonably relied on Presidio's representations.

86.     Defendant's representations were material to Plaintiff's decision to purchase the EMJ Products and Plaintiff and members of the Class were harmed by Defendant's misrepresentations.

## **PRAYER FOR RELIEF**

87.     Plaintiff, on behalf of himself, and all others similarly situated, requests the Court to enter judgment against Defendant, as follows:

a.     An order certifying the proposed Class and Sub-Classes, designating Plaintiff as named representative of the Class, and designating the undersigned as Class Counsel;

b.     An order enjoining Defendant from further deceptive advertising, sales, and other business practices with respect to its representations regarding the EMJ Products;

c.     A declaration requiring Defendant to comply with the various provisions of California's False Advertising Law and CLRA alleged herein and to make all the required representations;

d.     An award to Plaintiff and the Class for compensatory, exemplary, and statutory damages, including interest, in an amount to be proven at trial;

e.     A declaration that Defendant must disgorge, for the benefit of the Class, all or part of the ill-gotten profits it received from the sale of its EMJ Products, or make full restitution to Plaintiff and Class Members;

f.     An award of attorneys' fees and costs, as allowed by law;

g.     An award of attorneys' fees and costs pursuant to California Code of Civil Procedure § 1021.5;

h.     An award of pre-judgment and post-judgment interest, as provided by law;

i.     Leave to amend the Complaint to conform to the evidence produced at

1    trial; and

2          j.       Such other relief as may be appropriate under the circumstances.

3                          **DEMAND FOR JURY TRIAL**

4          88.      Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by

5    jury of any and all issues in this action so triable.

6    Dated:  January 17, 2017                    Respectfully submitted,

7                                                Capstone Law APC

8

9                                        By: /s/ Lee A. Cirsch

10                                            Lee A. Cirsch
                                             Robert K. Friedl
11                                            Trisha K. Monesi

12                                           Attorneys for Plaintiff Garrett Shank

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT 1

1  Lee A. Cirsch (SBN 227668)
   Lee.Cirsch@capstonelawyers.com
2  Robert K. Friedl (SBN 134947)
   Robert.Friedl@capstonelawyers.com
3  Trisha K. Monesi (SBN 303512)
   Trisha.Monesi@capstonelawyers.com
4  Capstone Law APC
   1875 Century Park East, Suite 1000
5  Los Angeles, California 90067
   Telephone:      (310) 556-4811
6  Facsimile:      (310) 943-0396

7  Attorneys for Plaintiff
   Garret Shank
8

9                      UNITED STATES DISTRICT COURT

10                   NORTHERN DISTRICT OF CALIFORNIA

11

12  GARRET SHANK, individually, and on      Case No.:
    behalf of other members of the general
13  public similarly situated,

14          Plaintiff,                        **DECLARATION OF GARRET SHANK IN
                                             SUPPORT OF VENUE FOR CLASS
15      v.                                   ACTION COMPLAINT PURSUANT TO
                                             CIVIL CODE SECTION 1780(d)**
16  PRESIDIO BRANDS, INC., a Delaware
    corporation,
17
            Defendant.
18

19

20

21

22

23

24

25

26

27

28

DocuSign Envelope ID: EFCED11E-0EBC-4619-8DA7-0EDE1D36734D

## DECLARATION OF GARRET SHANK

I, GARRET SHANK, declare under penalty of perjury as follows:

1.      I make this declaration based upon my personal knowledge except as to those matters stated herein that are based upon information and belief, and as to those matters I believe them to be true.  I am over the age of eighteen, a citizen of the State of California, and a Plaintiff in this action.

2.      Pursuant to California Civil Code section 1780(d), this Declaration is submitted in support of Plaintiff's Selection of Venue for the Trial of Plaintiff's Cause of Action alleging violation of California's Consumers Legal Remedies Act.

3.      I reside in Los Angeles, California, which is in the County of Los Angeles.  I purchased the Every Man Jack products that are the subject of this lawsuit in the County of Los Angeles.

4.      I am informed and believe that Defendant PRESIDIO BRANDS, INC. ("Defendant") is a Delaware corporation, organized and existing under the laws of the State of Massachusetts, and registered to conduct business in California.  Defendant Presidio Brands, Inc.'s Corporate Headquarters are located at 500 Tamal Plaza, Suite 505, Corte Madera, California, which is in Marin County.

//
//
//
//
//
//
//
//
//
//
//

DECL. OF GARRET SHANK IN SUPPORT OF PLAINTIFF'S SELECTION OF VENUE FOR TRIAL

1         5.       Based on the facts set forth herein, this Court is a proper venue for the

2  prosecution of Plaintiff's Cause of Action alleging violation of California's Consumers Legal

3  Remedies Act because Defendant's headquarters are located in Marin County, and Defendant

4  conducts business in Marin County and throughout California and the United States of

5  America.

6         6.      I declare under penalty of perjury under the laws of California and the United

7  States of America that the foregoing is true and correct.

8        Executed on January __12__, 2017 in Los Angeles, California.



Garret Shank

DECL. OF GARRET SHANK IN SUPPORT OF PLAINTIFF'S SELECTION OF VENUE FOR TRIAL